GREGORY NICOLAYSEN (CA 98544)
27240 Turnberry Lane, Suite 200
Valencia, CA 91355
Phone: (818) 970-7247
Fax: (661) 252-6023
Email: gregnicolaysen@aol.com

Attorney For Defendant,
Cynthia Raygoza

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>CYNTHIA RAYGOZA, et al.,  )<br>)<br>Defendants  )<br>)<br>_____) | 2:25-CR-00780-SVW<br><br>NOTICE OF MOTION AND MOTION FILED BY DEFENDANT CYNTHIA RAYGOZA FOR ORDER DISMISSING COUNT TWO OF THE FIRST SUPERSEDING INDICTMENT FOR FAILURE TO ALLEGE AN INDICTABLE OFFENSE UNDER 18 U.S.C. § 2261A<br><br>Hearing Date: February 9, 2026<br>Time: 11:00 a.m. |

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on February 9, 2026, at 11:00 a.m., or as soon thereafter as counsel may be heard, Defendant Cynthia Raygoza will move

this Court for an order dismissing Count Two of the First Superseding Indictment for failure to allege an indictable offense under 18 U.S.C. § 2261A.

The motion is based on Federal Rule of Criminal Procedure 12(b)(3) and is based on the ground that, even assuming the facts alleged in the indictment are true, those allegations do not constitute a "course of conduct" within the meaning of 18 U.S.C. § 2266(2). The motion is also based on all documents on file with this Court, and such additional evidence that the Court permits counsel to present at the hearing on the motion.

Ms. Raygoza respectfully requests that the Court deem this motion to be filed on behalf of all defendants so that joinders do not need to be filed by co-counsel.

DATED: January 23, 2026            Respectfully Submitted,


_____/S/_____
**GREGORY NICOLAYSEN**
**Attorney for Defendant,**
**Cynthia Raygoza**

# TABLE OF CONTENTS

I. **INTRODUCTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

II. **COUNT TWO OF THE FIRST SUPERSEDING INDICTMENT SHOULD BE DISMISSED BECAUSE THE INDICTMENT ON ITS FACE FAILS TO ALLEGE FACTS SUFFICIENT TO STATE AN INDICTABLE OFFENSE UNDER 18 U.S.C. 2261A** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    A. **Dismissal For Failure To Allege An Indictable Offense** . . . . . . . . . . . . 6

    B. **The Elements Of 18 U.S.C. 2261A(2)(B).** . . . . . . . . . . . . . . . . . . . . . . . . 7

    C. **The Facts Alleged In Count Two Fail To Establish The Requisite "Course of Conduct"** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

III. **CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

This is a prosecution in search of a legal theory. The government recently dismissed Count Two of the original Indictment, which charged the defendants with making publicly available the home address of an ICE agent referenced by the initials "R.H." on August 28, 2025, in violation of 18 U.S.C. § 119(a). Within a week thereafter, the government filed a First Superseding Indictment ("FSI") with a new Count Two that charges the defendants under 18 U.S.C. §§ 2261A(2)(B) with stalking the same ICE agent on the same date and based on the same conduct. For the reasons discussed herein, this Court should dismiss the new Count Two for failing to allege an indictable offense.

Count Two of the FSI alleges in pertinent part as follows:

> On or about the August 28, 2025 . . . with the intent to harass and intimidate R.H., and placing R.H. under surveillance with the intent to harass and intimidate him, used an interactive computer service, an electronic communication system of interstate commerce, and other facilities of interstate commerce, namely interstate wires, and the internet, *to engage in a course of conduct, described in paragraph 2 below*, that caused, attempted to cause, and would reasonably be expected to cause substantial emotional distress to R.H., R.H.'s immediate family members, and R.H.'s spouse. (FSI, page 4, line 4, 10-18). [Italics And Underlining Added]

4

**The factual assertions in paragraph 2, which are comprised of subsections (a) through (k), claim that the defendants followed ICE agent R.H. in a vehicle from downtown Los Angeles to the street where the agent lives; that during the drive, the defendants live-streamed (posted on social media in real time) a video of their drive and posted comments while driving [par. 2, subpars. (a)-(c)]; that the drive ended when R.H. arrived at his residence, at which time the defendants continued to live stream video and made verbal comments quoted in par. 2, subpars. (d)-(k), none of which threatened the physical safety of the agent or his spouse.**

**Paragraph 2 clearly shows that all of the alleged conduct occurred on a single day (August 28, 2025) as one continuous and uninterrupted episode.**

**Based on the standards discussed below, the factual allegations in paragraph 2 fail to state facts sufficient to establish an indictable offense under 18 U.S.C. §§ 2261A(2). The Court should therefore dismiss Count Two of the FSI.**

# II.

# COUNT TWO OF THE FIRST SUPERSEDING INDICTMENT SHOULD BE DISMISSED BECAUSE THE INDICTMENT ON ITS FACE FAILS TO ALLEGE FACTS SUFFICIENT TO STATE AN INDICTABLE OFFENSE UNDER 18 U.S.C. 2261A

### A. Dismissal For Failure To Allege An Indictable Offense

This motion is filed under Fed.R.Crim.P. 12(b)(3)(B)(v), which authorizes the defense to file a pretrial motion to challenge "a defect in the indictment or information; including . . . failure to state an offense"). "The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1). "In order to be valid, an indictment must allege that the defendant performed acts which, if proven, constituted a violation of the law that he or she is charged with violating." United States v. Gimbel, 830 F.2d 621, 624 (7th Cir. 1987),[1] cited for the same proposition in United States v. Al Hedaithy, 392 F.3d 580, 589 (3d Cir. 2004)

---

[1] Lexis shows that the Gimbel case has received subsequent negative treatment. This is based on statutory changes in regard to the filing of CTRs which was the subject of the prosecution in that case, and does not impact the proposition for which Gimbel is being cited in this motion. United States v. Phipps, 81 F.3d 1056, 1060 (11th Cir. 1996)(citing Gimbel in regard to subsequent changes in CTR laws).

"In ruling on a pre-trial motion to dismiss an indictment for failure to state an offense," the court is "bound by the four corners of the indictment." <u>United States v. Boren</u>, 278 F.3d 911, 914 (9th Cir. 2002). "An indictment is sufficient to withstand a motion to dismiss if it contains the elements of the charged offense in sufficient detail . . . to inform the court of the alleged facts so that it can determine the sufficiency of the charge." <u>United States v. Bernhardt</u>, 840 F.2d 1441, 1445 (9th Cir. 1988).

As discussed below, Count Two of the FSI does not adequately allege facts sufficient to establish that the defendants engaged in the requisite "course of conduct" to constitute the offense of stalking under 18 U.S.C. 2261A(2)(B).

**B.** <u>**The Elements Of 18 U.S.C. 2261A(2)(B)**</u>

**18 U.S.C.S. § 2261A(2)(B) states:**

> Whoever—
>     *     *     *
> (2) with the intent to kill, injure, harass, intimidate, or place under surveillance with intent to kill, injure, harass, or intimidate another person, uses the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce to engage in a course of conduct that—
>     *     *     *
> (B) causes, attempts to cause, or would be reasonably expected to cause substantial emotional distress to a person described in clause (i), (ii), or (iii) of paragraph (1)(A),

7

>shall be punished as provided in section 2261(b) or
>section 2261B [18 USCS § 2261(b) or 2261B], as the case
>may be.

The definition of "course of conduct" is found in 18 U.S.C.S. § 2266:

>(2) Course of conduct. The term "course of conduct"
>means a pattern of conduct composed of 2 or more acts,
>evidencing a continuity of purpose.

Stalking cases in the Ninth Circuit and elsewhere have consistently involved multiple, distinct acts by a defendant that demonstrate repetition and persistence over a period of time, consistent with the "continuity of purpose" requirement under section 2266.  For example, in United States v. Osinger, 753 F.3d 939 (9th Cir. 2014), the Ninth Circuit rejected a constitutional challenge to section 2261A and in so doing, discussed in depth the ongoing, persistent conduct of the defendant that clearly satisfied the statute.  In that case, the indictment alleged that defendant Osinger had sent several threatening and sexually explicit text messages, emails, and photographs of V.B., a former girlfriend, to V.B., as well as to her co-workers and friends; and that Osinger had "used the Internet to create a Facebook page in a name close to V.B.'s name" to post "suggestive and explicit photos of V.B." and "demeaning statements, purportedly made by V.B." 753 F.3d at 941.  "V.B. told Osinger repeatedly that she no longer wanted to be contacted by him. Nonetheless, Osinger was unrelenting in his pursuit and harassment of her, including sending

8

threatening text messages." 753 F.3d at 947.

Other circuits addressing 18 U.S.C. 2261A have likewise involved numerous, separate acts illustrated by repetitive, persistent behavior over a period of time that collectively formed a pattern, thereby demonstrating continuity of purpose, as required under section 2266 to establish "course of conduct." *E.g.,* United States v. Uhlenbrock, 125 F.4th 217, 221 (5th Cir. 2024)(defendant repeatedly posted nude photos of victim online; defendant had previously pleaded guilty to violating the same statute); United States v. Sayer, 748 F.3d 425, 428 (1st Cir. 2014)("Sayer persistently stalked and harassed Jane Doe for over four years. At first, Sayer showed up at stores and other places where he knew that Jane Doe would be. In response, Jane Doe changed her routine and gave up activities she loved for fear of seeing Sayer. She also acquired a protection order against him in state court."); United States v. Petrovic, 701 F.3d 849, 853 (8th Cir. 2012)("Petrovic then began a campaign to carry out his threats. Over the course of the next few months, Petrovic mailed dozens of homemade postcards to addresses throughout M.B.'s community, including to M.B.'s workplace, M.B.'s family members, R.B.'s home, and local businesses like the neighborhood drugstore."); United States v. Shrader, 675 F.3d 300, 312 (4th Cir. 2012)(Defendant who pleaded guilty to murder persistently called victim's residence stating she was complicit in the murders, and wrote a manifesto containing threats to victim). *See also*, United States v. Lipman, 2024 U.S. Dist.

9

LEXIS 158940, at *22 (C.D. Cal. Sep. 4, 2024)("the course of conduct charged involved sending repeated, threatening, and disturbing communications to an unwilling listener"); United States v. Matusiewicz, 84 F. Supp. 3d 363, 365 (D. Del. 2015)(Indictment alleged that defendants "engaged in a prolonged campaign to surveil and harass" the ex-wife of one of the defendants).

As discussed below, the factual allegations in Count Two of the FSI are significantly distinguishable from the circumstances involved in established case law and, as such, fail to plead a "course of conduct" to state an offense under 18 U.S.C. 2261A(2)(B).

### C. The Facts Alleged In Count Two Fail To Establish The Requisite "Course of Conduct"

The FSI alleges, in substance, that on August 28, 2025, the defendants:

1. Observed an ICE agent in downtown Los Angeles;
2. Followed the agent by vehicle as the agent drove from the downtown area to the west side;
3. Live-streamed video onto social media while driving;
4. Continued following along public roads;
5. Ultimately drove onto or near the residential street where the agent resides; and
6. Made comments at the residential location as quoted in paragraph 2, none of which threatened the physical safety of the agent or his spouse.

10

**On its face, Count Two alleges that the defendants' conduct:**

    **1. Occurred entirely within a single day;**
    **2. Consisted of a single episode involving continuous, uninterrupted conduct that began in downtown L.A. and ended in the agent's residential area.**
    **3. Consisted largely of statements by defendants on live-streaming to third parties, rather than to the agent directly.**

**On its face, Count Two does NOT allege:**

    **1. Any separation in time in the defendants' conduct on August 28, 2025 to demonstrate a pattern of distinguishable acts involving repetition and persistence to show continuity of purpose (i.e., no intervals between acts of the defendants on August 28, 2025);**
    **2. Any conduct on a day other than August 28, 2025;**
    **3. Any prior encounters or contact with the agent;**
    **4. Any subsequent conduct after August 28, 2025, such as a return to the agent's home or workplace;**
    **5. Any separate communications (phone calls, texts, emails, social media, or other contacts), or attempts to communicate, before or after August 28, 2025;**
    **6. Any other discrete act of harassment or intimidation toward the agent or his spouse on another occasion.**

Indeed, the conduct by defendants was aimed primarily at third parties, namely viewers of the live-streaming, as well as members of the residential community who were being alerted to the presence of an ICE agent in their neighborhood. The only conduct alleged in Count Two that is directed at the agent himself is alleged in subparagraphs h, j, and k of Paragraph 2, quoted below, which hardly qualifies under section 2266 as "course of conduct":

11

>h. On or about August 28, 2025, SAMAME, while livestreaming on social media, yelled at R.H. that he was a "piece of shit," "fucking idiot," and "traitor";
>
>j. On or about August 28, 2025, RAYGOZA, while livestreaming on social media, yelled at R.H. that he is a "race traitor," called his wife a "white bitch," and closely approached R.H.'s face with her phone while filming R.H.;
>
>k. On or about August 28, 2025, RAYGOZA, while livestreaming on social media, threatened to throw her coffee in R.H.'s face and yelled, "you know I'll fucking pop you bitch, you know I will!"

In short, the case law is abundantly clear that the "course of conduct" standard under 18 U.S.C. 2261A entails repeated, ongoing behavior; not a one off incident as occurred here. While the government may attempt to slice the episode of August 28, 2025 into "2 or more acts" by treating the drive from downtown as one act and the time period upon arrival in the agent's neighborhood as a second act, the inescapable reality is that this was a single, continuous, uninterrupted occasion that began in downtown Los Angeles and concluded in the neighborhood where the agent resides. The case law observes a meaningful boundary between repeated actions that target a victim and isolated, one-time conduct. Allowing the government to fragment a single, continuous event into pseudo "acts" would undermine the statutory requirement that the defendant engage in a "pattern of conduct . . . evidencing a continuity of purpose."

12

As such, the factual allegations in Count Two are insufficient to qualify as "course of conduct." The Court should therefore dismiss Count Two of the FSI for failure to state an indictable offense under 18 U.S.C.S. § 2261A(2)(B).

### III.

### CONCLUSION

Because Count Two of the FSI fails to allege a statutorily sufficient "course of conduct," it does not state an offense under § 2261A(2)(B). Pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v), the Court should dismiss Count Two.

DATED: January 23, 2026                    Respectfully Submitted,


_____/S/_____
**GREGORY NICOLAYSEN**
**Attorney for Defendant,**
**Cynthia Raygoza**