**GREGORY NICOLAYSEN (CA 98544)**
**27240 Turnberry Lane, Suite 200**
**Valencia, CA 91355**
**Phone: (818) 970-7247**
**Fax: (661) 252-6023**
**Email: gregnicolaysen@aol.com**

**Attorney For Defendant,**
**Cynthia Raygoza**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | **2:25-CR-00780-SVW** |
| ) | |
| **Plaintiff,** ) | **MOTION IN LIMINE FILED BY DEFENDANT CYNTHIA RAYGOZA FOR PRETRIAL ORDER ADMITTING VIDEOS AND PHOTOS PRODUCED TO DEFENSE BY GOVERNMENT IN DISCOVERY** |
| **v.** ) | |
| **CYNTHIA RAYGOZA, et al.,** ) | |
| ) | **Hearing Date: February 9, 2026** |
| **Defendants** ) | **Time: 11:00 a.m.** |
| ) | **Ctrm: Hon. Stephen V. Wilson** |
| ———————————————— ) | |

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**NOTICE IS HEREBY GIVEN that on February 9, 2026, at 11:00 a.m., or as**

**soon thereafter as counsel may be heard, Defendant Cynthia Raygoza will move**

**this Court for a preliminary ruling that video tapes and photographs produced by**

1    the government to defense counsel in the course of pretrial discovery are admissible

2
3    without the need to lay a foundation of authenticity, in the event the government

4    does not stipulate to their admission.

5         The motion is based on Federal Rules of Evidence 103 and 104(a), together

6
7    with this court's inherent authority to manage trials and evidentiary issues.

8         Ms. Raygoza respectfully requests that the Court conduct a Rule 104(a)

9    foundational hearing prior to trial for the purpose of determining the admissibility

10
11   of the videos and photos.  Prior to the hearing, Ms. Raygoza will file a proposed

12   exhibit list and submit the videos and photos to the Court on an external drive for

13   purpose of review prior to and during the hearing.

14

15

16   DATED:  January 27, 2026          Respectfully Submitted,

17

18                                    _____/S_____
                                      GREGORY NICOLAYSEN
19                                    Attorney for Defendant,
20                                    Cynthia Raygoza

21

22

23

24

25

26

27

28
                                          2

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## THE COURT SHOULD ISSUE A PRETRIAL RULING DEEMING VIDEOS AND PHOTOS WHICH WERE PRODUCED DURING PRETRIAL DISCOVERY AS ADMISSIBLE FOR NON-HEARSAY PURPOSES

### A.    Introduction

The First Superseding Indictment ("FSI") charges the defendants in two counts.  Count One charges the defendants with conspiring to publicly disclose the personal information, specifically the home address, of a federal agent, in violation of 18 U.S.C. 119(a).  The agent is referenced in the FSI by the initials "R.H." [FSI at page 3, line 10 (Overt Act 1)].  Count Two charges the defendants with stalking R.H., in violation of 18 U.S.C. §§ 2261A(2)(B).

All of the events in this case occurred on a single day: August 28, 2025.  The FSI alleges that on this date, the defendants drove in one vehicle and followed R.H. "from his place of employment at the Federal Building to his personal residence." (FSI, Count One, page 3, lines 9-12).  The FSI alleges that during the drive, the defendants "live-streamed, that is, posted a live video, on the Instagram Accounts of them" (FSI, Overt Act 2) and made numerous comments to viewers while following R.H. which are referenced in Overt Acts 3 - 4.  The FSI further alleges that upon

3

arrival in the vicinity of R.H.'s residence in Baldwin Park, the defendants

continued to live stream on Instagram (Overt Act 5).

Like Count One, the factual allegations in Count Two repeatedly claim that

the defendants "live-streamed on social media" the events occurring at the vicinity

of R.H.'s residence. (FSI, par. 2, page 4, line 26; page 5, lines 10, 13-14, 18, 21-22,

24-25; page 6, lines 1-2, 5-6).


B.      The Video And Photo Evidence Covered By This Motion

The video files and photos that are the subject of this motion are listed below

by their file names in the pretrial discovery:

Videos:

USAO_00000022
USAO_00000024
USAO_00000025
USAO_00000026
USAO_00000028
USAO_00000036
USAO_00000037
USAO_00000039
USAO_00000040
USAO_00000210
USAO_00000215

Photo:
USAO_00000214

1   As of the preparation of this motion, counsel for Ms. Raygoza is still

2

3   completing a review of the approximate 29 files containing the Baldwin Park police

4   officers' body camera video footage which the government has produced to the

5   defense.  Prior to the hearing on this motion, counsel for ms. Raygoza will

6

7   supplement this motion by filing a pleading that lists the file names of body camera

8   video that Ms. Raygoza seeks to have admitted into evidence by pretrial order.

9

10

11   **C.      The Videos And Photos Produced By The Government In Discovery**

12   **Should Be Deemed Admissible**

13   It is clear from the face of the FSI that the gravamen of the government's

14

15   case rests on video evidence, together with cell phone photos.  Not surprisingly, a

16   significant part of pretrial discovery has consisted of media files, specifically videos

17   and photos generated allegedly by the defendants on their cell phones, as well as

18

19   body camera footage from the Baldwin Park police officers who arrived at the

20   scene.  These videos depict two scenarios: (1) first, the car ride where the

21   defendants allegedly followed R.H. in their vehicle until he arrived at the location in

22

23   Baldwin Park where he resides; (2) the events that occurred after R.H. and the

24   defendants arrived at that location, including video footage involving the

25   defendants and R.H. interacting with the Baldwin Park police officers.

26

27

28

For these reasons, Ms. Raygoza expects that the government will be presenting video and photographic evidence at the trial which would be taken from the collection of videos and photos produced in pretrial discovery.  Ms. Raygoza anticipates stipulating to the admission of such evidence, provided the government offers the complete videos into evidence so as to avoid issues arising under the Rule of Completeness in Federal Rule of Evidence 106.  Ms. Raygoza contends that the admission of the complete videos is essential to maintain proper context and avoid misleading impressions from selective excerpts of a video recording.

Just as the government likely intends to present videos and photos from the pretrial discovery materials, the defense should likewise be permitted to do so.  And there should be no need to undertake the formality of laying a foundation.  There is no issue here regarding authenticity or accuracy.  The videos and photos speak for themselves.

> **D.**     **To The Extent The Court Requires A Foundation For The Admission Of Videos Or Photos Taken From The Defendants' Cell Phones, The Court Should Resolve This By Conducting A Rule 104(a) Hearing Prior To Trial**

It appears from the discovery materials that most, if not all, videos and photos were taken from the cell phones or social media accounts of one or more

6

defendants - separate and apart from body camera videos of the police officers.  As noted above, there should be no need for any foundational testimony as there is no room here for any meaningful dispute regarding authenticity or accuracy.  But to the extent the Court requires a foundation for their admission, then this should be resolved at the pretrial stage.  None of the defendants should be required to testify at the trial simply to lay a foundation for the admission of their videos / photos into evidence.  If the Court feels that such foundational testimony is required, then the Court should conduct a pretrial foundational hearing under Fed.R.Evid. 104(a) for this purpose, so that by the time of trial, the videos and photos will have been deemed admissible.

Accordingly, by this motion, Ms. Raygoza requests that the Court make a pretrial ruling on the admission of all video and photographic evidence and conduct a Rule 104(a) hearing if the Court deems this necessary.  At such a hearing, Raygoza's counsel would call the government's case agent to establish how the videos were obtained; that for purposes of Fed.R.Evid. 901, the videos are what they purport to be and have not been altered; and that there do not appear to be any chain of custody issues.

1
2
3

**E.      The Videos Are Being Offered By Ms. Raygoza For Non-Hearsay**

**Purposes**

4

Federal Rule of Evidence 801(c) defines hearsay as "a statement, other than

5

one made by the declarant while testifying at the trial or hearing, offered in

6
7

evidence to prove the truth of the matter asserted." Testimony that is not offered

8

for the truth of the matter asserted, but for another purpose, is not hearsay. *See*,

9

*e.g.,* United States v. Arteaga, 117 F.3d 388, 397 (9th Cir. 1997) (statements offered

10
11

for "effect on hearer" are offered for a non-truth-related purpose and are

12

admissible non-hearsay statements); United States v. Echeverry, 759 F.2d 1451,

13

1457 (9th Cir. 1985) (statements offered not for truth of matter asserted but as

14
15

necessary background information admissible as non-hearsay).

16

The videos at issue do contain sound, including comments by the defendants

17

while driving; and comments by the defendants and others at the scene when the

18
19

vehicles arrive at the vicinity of R.H.'s residence.  None of these comments are

20

being offered by Ms. Raygoza for their truth.  Rather, the statements on the videos

21

are relevant to show the jury that

22
23

1.      At no time did the defendants discuss publicly disclosing the home

24

address of the agent, in direct rebuttal of the conspiracy charge in Count One;

25

2.      The defendants did not make any statements that would support the

26
27

stalking charge in Count Two which alleges that they "engage[d] in a course of

28

8

conduct . . . that caused, attempted to cause, and would reasonably be expected to cause substantial emotional distress to R.H., R.H.'s immediate family members, and R.H.'s spouse."

In short, the admission of the videos, including the statements made therein, falls squarely within the state of mind exception to the hearsay rule under Fed.R.Evid. 803(3), and is admissible to negate the specific intent elements in both counts of the FSI.

Ms. Raygoza does not oppose giving the jury a limiting instruction under Fed.R.Evid. 105 that they are not to consider any statement on the videos for their truth and to consider them only for the limited, non-hearsay purposes specified herein.

F.    **By The Pretrial Ruling, The Court Should Allow Defense Counsel To Use Videos And Photos During Cross Examination Of Government Witnesses**

A critical purpose in filing this motion is to obtain pretrial authorization from this Court to play videos during the cross examination of R.H., his spouse, and any other witness called by the government who claims to have personal knowledge of the events at issue.  It would be unduly prejudicial to the defense to be foreclosed from presenting a witness with a video for the jury to see that challenges that

witness' direct testimony, simply because the video, albeit produced in discovery, is

not in evidence.  Anticipating such an obstacle, this motion seeks to streamline the

trial process through a pretrial ruling.


DATED: January 27, 2026                    Respectfully Submitted,



                                           _____/S_____
                                           **GREGORY NICOLAYSEN**
                                           **Attorney for Defendant,**
                                           **Cynthia Raygoza**