TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
LAUREN E. BORDER (Cal. Bar No. 327770)
Assistant United States Attorney
General Crimes Section
CLIFFORD D. MPARE (Cal. Bar No. 337818)
Assistant United States Attorney
Major Crimes Section
        1200 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-8231/4962
        Facsimile: (213) 894-0141
        E-mail:    lauren.border@usdoj.gov
                   clifford.mpare@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                UNITED STATES DISTRICT COURT

            FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:25-cr-00780-SVW |
| Plaintiff, | JOINT DISPUTED PROPOSED JURY INSTRUCTIONS PROPOUNDED BY DEFENDANTS |
| v. | |
| CYNTHIA RAYGOZA, <br> aka "Cynthia Curiel Curiel," <br> ASHLEIGH BROWN, <br> aka "ice_out_ofla," <br> aka "corn_maiden_design," and <br> SANDRA CARMONA SAMAME, <br> aka "Sandra Karmona," <br> aka "Sandra Carolina Carmona Samame," <br> aka "Sandra Carmona Samane," <br>      Defendants. | Trial Date:  February 24, 2026 <br> Time:          9:00 a.m. <br> Location:   Courtroom of the Hon. Stephen V. Wilson |

1

Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorneys Clifford D. Mpare and Lauren E. Border; defendant CYNTHIA RAYGOZA, by and through her counsel of record Gregory Nicolaysen; defendant ASHLEIGH BROWN, by and through her counsel of record Erica Choi and Shannon Coit; and defendant SANDRA CARMONA SAMAME, by and through her counsel of record Robert Bernstein, hereby submit their Joint Disputed Proposed Jury Instructions Propounded by the Defendants in the above-captioned case.

Dated: February 5, 2026          Respectfully submitted,

TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division


        /s/
LAUREN E. BORDER
CLIFFORD D. MPARE
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Dated: February 5, 2026          /s/*
GREGORY NICOLAYSEN
Attorney for Defendant
CYNTHIA RAYGOZA

*signed with email authorization

1

2

Dated: February 5, 2026

3
                                     _____/s/*_____
                                     ERICA CHOI
4                                    SHANNON COIT
                                     Attorneys for Defendant
5                                    ASHLEIGH BROWN

6                                    *signed with email authorization

7

8

9   Dated: February 5, 2026

                                     _____/s/*_____
10                                   ROBERT BERNSTEIN
                                     Attorneys for Defendant
11                                   SANDRA CARMONA SAMAME

12                                   *signed with email authorization

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INDEX OF DISPUTED PROPOSED JURY INSTRUCTIONS**

**PROPOUNDED BY DEFENDANTS**

| Defendants Proposed No. | Title | Source | Page |
|---|---|---|---|
| 6 | Course of Conduct | Various (see infra) | 1 |

i

1

## DEFENDANTS' PROPOSED INSTRUCTION NO. 6[1]

2   The "two or more acts" comprising the course of conduct may not
3   consist solely of the defendant's speech, unless that speech
4   constitutes a threat or incitement. A "threat" in this context is a
5   serious expression of intent to inflict bodily harm on a particular
6   person that a reasonable observer would perceive to be an authentic
7   threat and that the defendant knew would be perceived as a threat or
8   consciously disregarded a substantial risk that it would be
9   perceived as a threat. "Incitement" in this context is speech that
10  is directed to inciting or producing imminent lawless action and is
11  likely to incite or product such action.

12

13

14

15

16

17  Source: *United States v. Sryniawski*, 48 F.4th 583, 588 (8th Cir.
18  2022) (conviction under § 2261A(2) cannot be based solely on
19  protected speech); *United States v. Osinger*, 753 F.3d 939, 954 (9th
20  Cir. 2014) (Watford, J., concurring) (explaining that *Osinger* did
21  not decide whether a conviction under § 2261A(2) could be based
22  solely on protected speech); *Counterman v. Colorado*, 600 U.S. 66,
23  69-73 (2023) (definition of a true threat); *Brandenburg v. Ohio*, 395
24  U.S. 444, 447 (1969) (definition of incitement).

25

26

27

---

28  [1] The defenses proposes this instruction follow Instruction No. 4
    (setting forth the elements of 18 U.S.C. § 2261A(2)).

1

**GOVERNMENTS' OBJECTION TO DEFENDANTS' PROPOSED INSTRUCTION NO. 6**

Defendants' proposed instruction purports to require that any speech element that makes up a "course of conduct" under the stalking statute, 18 U.S.C. § 2261A, constitute a type of "true threat" or incitement of violence.  This both makes no sense and is contrary to the law.  Under defendants' definition of "course of conduct," a defendant's repeated texts to a victim that do not rise to the level of a true threat (e.g., "I'm watching you"; "I'm outside your home") could not form the basis of a stalking charge.  Indeed, defendants' proposed instruction would effectively eliminate, for example, harassment leading to substantial emotional distress from the statute.  This is not the law.

Defendants' definition flies in the face of binding Ninth Circuit precedent, which criminalizes speech in a stalking course of conduct <u>even if it is not a true threat</u> because it is "integral to criminal conduct."  <u>United States v. Osinger</u>, 753 F.3d 939, 946 (9th Cir. 2014).  The defendant's "course of conduct" in <u>Osinger</u> consisted of a "string of unwelcome and implicitly threatening text messages" (e.g., "[A]m about to pull the rug from rite under ur sexxy lil feet!!!").  <u>Id.</u> at 952-53.  The Circuit did <u>not</u> impose any requirement that Osinger's speech amount to a "serious expression of intent to inflict bodily harm" or "speech that is directed to inciting or producing imminent lawless action," as defendants would have it.  To the contrary, the Circuit found that the term "harass" as used in the stalking statute means to "**[use] words**, conduct, or action that, being directed at a specific person, **annoys, alarms, or causes substantial emotional distress** in that person and serves no legitimate purpose."  <u>Osinger</u>, 753 F.3d at 945.  Indeed, this

instruction would eliminate a key difference between the anti-doxxing statute, 18 U.S.C. § 119, which requires true threats (because the statute governs only speech), and the stalking statute, 18 U.S.C. § 2261A, which does not require true threats (because it which governs both speech _and_ non-speech, and thus First Amendment protections are lessened).

Defendants' instruction is also wrong because it seeks to define the speech elements of a "course of conduct" as requiring something _even more stringent_ than the definition of a "true threat" set forth in Virginia v. Black, 538 U.S. 343 (2003).  Black defined true threats as "statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals."  Id. at 359.  There is no requirement of an "intent to inflict bodily harm" that a "reasonable observer would perceive to be an authentic threat and that the defendant knew would be perceived as a threat or consciously disregarded a substantial risk that it would be perceived as a threat."  And defendants do not explain why they have read into the stalking statute a requirement of "incitement" as defined by Brandenberg v. Ohio, 395 U.S. 444, 447 (1969).

Finally, defendants do not explain why a separate instruction is necessary to explain the legal definition of "course of conduct" under 18 U.S.C. § 2261A.  The elements of the stalking charge are set forth in the government's proposed jury instruction number 4.  Any explanation of the phrase "course of conduct" should thus be included within that instruction, rather than separated from the elements of the offense.  Failing to do so improperly draws attention to this particular definition within an element of the

3

1  stalking offense.

2       Defendants' proposed instruction has no legal support and would

3  misguide the jury on the state of the law.

**DEFENDANTS' RESPONSE TO GOVERNMENT OBJECTION TO DEFENDANTS' PROPOSED INSTRUCTION NO. 6**

The government misunderstands Defendants' proposed instruction. Contrary to what the government claims, the instruction does not say that *any* speech element that makes up the course of conduct must be a true threat. Rather, it informs the jury that the acts constituting the course of conduct cannot consist *solely* of speech that is protected by the First Amendment—that is, speech that is not a true threat or incitement.

This instruction is fully consistent with the Ninth Circuit's decision in *United States v. Osinger*, 753 F.3d 939 (9th Cir. 2014), which expressly left open whether a defendant could be convicted under § 2261A solely for speech that would otherwise be protected by the First Amendment. There, in addition to his speech, the defendant engaged in numerous acts of non-speech conduct toward his ex-girlfriend: sending nude photos of her to her co-workers, creating a fake Facebook page for her, knocking on her door early in the morning, and leaving divorce papers in her mailbox. *Id.* at 941-42, 947-48. The Ninth Circuit rejected the defendant's as-applied challenge on the ground that he had engaged in harassing *conduct*, and that any speech involved was not protected either because it was integral to that non-speech conduct or because it fell into a separate category of unprotected speech involving "sexually explicit publications concerning a private individual."

In reaching these conclusions, the Ninth Circuit took care to distinguish the facts of *Osinger* from those in *United States v. Cassidy*, 814 F. Supp. 2d 574, 588 (D. Md. 2011), where the court held that § 2261A(2)(A) was unconstitutional as applied to a

defendant who was prosecuted for authoring Tweets and blog posts. *Osinger*, 753 F.3d at 947 n.6. *Osinger* did not disagree with *Cassidy* that § 2261A(2)(A) would be unconstitutional if the prosecution were "directed squarely at protected speech", for example "anonymous, uncomfortable Internet speech addressing religious matters." *See id*. (quoting *Cassidy*, 814 F. Supp. 2d at 583). It simply held that the facts before it were different, because the defendant in *Osinger* also engaged in harassing non-speech conduct. *Id.*

Judge Watford, who joined the *Osinger* opinion, wrote separately to underscore that the Court was not deciding whether a defendant could be convicted under § 2261A for causing emotional distress "by engaging *only* in otherwise protected speech." *Id.* at 954 (Watford, J., concurring) (emphasis added); *id.* ("That is a question whose resolution we wisely leave for another day."). As Judge Watford explained, the "speech-integral-to-criminal-conduct" exception to the First Amendment has traditionally been understood to apply only when the "sole immediate object" of the speech is to facilitate the commission of a conduct-based offense. *Id.* at 951. By contrast, "[i]f a defendant is doing nothing but exercising a right of free speech, without engaging in any non-speech conduct, the exception for speech integral to criminal conduct shouldn't apply." *Id.* at 954.

*Osinger* therefore did not resolve whether a conviction under § 2261A could be based solely on activities otherwise protected by the First Amendment. But the Eighth Circuit has addressed this question and has correctly held that speech can serve as the basis for a § 2261A conviction only when it is "integral to conduct that constitutes another offense that does not involve protected speech,

such as antitrust conspiracy." *United States v. Sryniawski*, 48 F.4th
583, 588 (8th Cir. 2022). As the Eighth Circuit explained, it would
be unconstitutionally "circular" to allow Congress to "define speech
as a crime, and then render the speech unprotected by the First
Amendment merely because it is integral to speech that Congress has
criminalized." *Id.* Because the defendant there had not engaged in
any separate criminal *conduct* that his speech could be said to have
been integral to, the Eight Circuit held that his conviction
violated the First Amendment. *Id.*

In this case, the jury could easily find that the entirety of
defendants' conduct was protected by the First Amendment. They
filmed an officer in a government vehicle violating the law by
driving without a license plate, and they then observed and spoke to
him in a non-threatening manner from their vantage point on a public
street. *See Project Veritas v. Schmidt*, 125 F.4th 929, 959 (9th Cir.
2025) (en banc) (First Amendment protects the right to film police
officers in public); *Snyder v. Phelps*, 562 U.S. 443, 448 (2011)
(First Amendment protects protest signs at a soldier's funeral
saying "Thank God for IEDs," "God Hates Fags," and "You're Going to
Hell").

Given the facts of this case, it is critically important that
the jury be instructed that it cannot convict defendants *solely* for
engaging in First Amendment protected activities. *See Sryniawski*, 48
F.4th at 588; *Osinger*, 753 F.3d at 954 (Watford, J., concurring).
Defendants' proposed instruction does so by informing the jury that
the "course of conduct" required to convict cannot consist "solely"
of speech, unless that speech falls into categories that are not

protected by the First Amendment: in this case, true threats[2] or incitement.

_____

[2] Contrary to what the government claims, a true threat requires both that the defendant mean to communicate a threat *and* that the speech be actually understood by a reasonable observer to be an authentic threat. The government's repeated insistence that the speaker's subjective intent is all that matters is contrary to decades of First Amendment law, as explained at length in Ms. Brown's reply in support of her motion to dismiss the conspiracy count. *See* ECF 102 at 13-14. Indeed, the Supreme Court could not have made this point any clearer in *Counterman*: "The existence of a threat depends not on 'the mental state of the author," but on 'what the statement conveys' to the person on the other end." *Counterman v. Colorado*, 600 U.S. 66, 74 (2023) (quoting *Elonis v. United States*, 575 U.S. 723, 733 (2015)). The definition of a threat in the jury instructions should therefore include this requirement.