**GREGORY NICOLAYSEN (CA 98544)**
**27240 Turnberry Lane, Suite 200**
**Valencia, CA 91355**
**Phone: (818) 970-7247**
**Fax: (661) 252-6023**
**Email: gregnicolaysen@aol.com**

**Attorney For Defendant,**
**Cynthia Raygoza**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 2:25-CR-00780-SVW |
| ) | |
| Plaintiff, ) | SECOND SUPPLEMENT FILED BY DEFENDANT CYNTHIA RAYOZA IN SUPPORT OF MOTION TO ADMIT VIDEO EVIDENCE AT TRIAL |
| v. ) | |
| CYNTHIA RAYGOZA, et al., ) | Hearing Date: February 23, 2026 |
| Defendants ) | Time: 11:00 a.m. |
| ) | Ctrm: The Hon. Stephen V. Wilson |

**TO: THIS HONORABLE COURT AND ASSISTANT U.S. ATTORNEYS LAUREN ELIZABETH BORDER AND CLIFFORD DANKWA MPARE, JR.:**

Defendant Cynthia Raygoza, by and through her CJA counsel of record, Gregory Nicolaysen, hereby submits her second supplement to her previously filed "Motion in Limine for Pretrial Order Admitting Videos and Photos Produced to

Defense by Government in Discovery" (Pacer #121), filed on January 27, 2026. The first supplemental was filed on February 3, 2026 (Pacer #130).

The original motion lists by Bate number specific video files, as well as a screen shot of a video file, which Ms. Raygoza asks this Court to admit into evidence by pretrial order. That list is repeated below. All of the listed files below are taken from pretrial discovery materials.

An external hard drive containing the videos and photo listed below has previously been lodged with this Court in advance of the prior hearing date of February 9, 2026.

**Videos:**
USAO_00000022
USAO_00000024
USAO_00000025
USAO_00000026
USAO_00000028
USAO_00000036
USAO_00000037
USAO_00000039
USAO_00000040
USAO_00000210
USAO_00000215


**Photo:**
USAO_00000214

**Video evidence is the cornerstone of this case. The charges in the first superseding indictment allege that on August 28, 2025, the defendants followed an agent employed by Immigration & Customs Enforcement (ICE) from downtown Los Angeles to the street where he resides in Baldwin Park and engaged in conduct that constitutes a conspiracy to publicly disclose private information of a federal agent, in violation 18 U.S.C. 119(a) [Count One]; and stalking, in violation of 18 U.S.C. 2261A(2)(B). The heart of this case involves the incident on the residential street both prior to and subsequent to the arrival of the Baldwin Park police officers. It's captured on video, and the jury should see it all.**

**Without question, the government will be relying on video evidence and will therefore be seeking to introduce videos, or portions thereof, into evidence. However, to date, the government has not filed an exhibit list, nor disclosed a draft of such to defense counsel. Thus, defense counsel have no idea what video evidence the government will seek to introduce into evidence at trial, which commences on February 24, 2026, less than one week from now.**

**To streamline the process of evidence presentation, defense counsel have made efforts to coordinate a stipulation with the government to admit the video evidence that both parties want to introduce at trial, including the videos listed in this pending motion. However, the government has declined to enter into a stipulation. By declining, the government appears to signal an intention to**

3

monopolize the video evidence at trial by cherry-picking portions of certain videos that the government believes supports its theory of the case, and offering them into evidence through the case agent as a foundational witness for those selected items.

The government's approach is nothing short of a plan to present the jury with a fragmented narrative that distorts the reality of what occurred on August 28, 2025. Offering these isolated snippets through the case agent—without the necessary context of the full recordings—threatens to mislead the jury and bypass the Rule of Completeness under Fed.R.Evid. 106, which ensures that evidence is not presented in a vacuum.

To avoid such prejudice to the defense, the Court should conduct a pretrial hearing under Fed. R. Evid. 104(a) for the purpose of establishing foundation for the admission of all videos both parties seek to introduce, thereby allowing counsel to refer to the videos in opening statement and to enable defense counsel to present videos to government witnesses during cross-examination without interrupting witness testimony to resolve foundational issues.

DATED:   February 19, 2026          Respectfully Submitted,


_____/S/_____
**GREGORY NICOLAYSEN**
**Attorney for Defendant,**
**Cynthia Raygoza**

4

# DECLARATION OF GREGORY NICOLAYSEN

1. I am an attorney duly licensed to practice in the state of California and in the U.S. District Court for the Central District of California. I am CJA counsel for defendant Cynthia Raygoza in the prosecution entitled, <u>United States vs. Cynthia Raygoza, et. al.</u>, Case No. 2:25-CR-00780 SVW. All of the statements contained herein are made and based on my own personal knowledge, and if called as a witness, I would testify competently thereto.

2. The First Superseding Indictment (FSI) charges two counts against all three defendants. Count One alleges that the defendants conspired to publicly disclose the personal information of a federal agent, in violation of 18 U.S.C. 119(a). Count Two charges the defendants with the substantive offense of stalking the agent, in violation of 18 U.SC. 2261A(2)(B). The FSI alleges that on a single date -- August 28, 2025 – the defendants followed an ICE agent from downtown Los Angeles to the residential street where he lives, while live-streaming the event to an Instagram account that drew followers to the scene.

3. The events of this case were captured on video, comprised of a combination of cell phone video generated by the defendants while live-streaming; and body cam video of the Baldwin Park police officers who responded to the scene. In short, video tells the story of this case. While the government will be calling the agent and his wife to testify in its case-in-chief, the defense intends to challenge the

testimony of both witnesses to the degree it deviates from the actions depicted on the videos. Use of video evidence during cross examination is therefore critical to giving the jury an accurate depiction of the events at issue, as well as a proper context in which to evaluate witness credibility. If the jury is not allowed to view the video files listed in the pending motion, then the jury will be improperly denied accurate and reliable evidence showing what exactly happened on the date in question. For this purpose, the admission of videos into evidence prior to trial is essential.

4. All of the videos that I am seeking to introduce into evidence at trial by this pending motion were produced to the defense by the government in pretrial discovery. The government obtained the videos from the defendants' cell phones and / or by downloading the videos directly from the online Instagram accounts to which the defendants were live-streaming on August 28, 2025. Accordingly, there is no issue regarding authenticity as to any of the videos I am seeking to introduce into evidence by this motion.

5. In order to streamline the trial process, counsel for the co-defendants and I have separately reached out to government counsel requesting a stipulation to admit video evidence at trial. By email to AUSA Lauren Border on February 18, 2026, I listed the video files that are listed in this motion and requested that the government stipulate to their admission at trial. Ms. Border responded by email the

same date stating that "the government does not anticipate entering a stipulation." The government has likewise declined requests by other defense counsel.

6. Both the visual and audio portions of the video files are of critical importance to the defense. To the extent the government objects to the admission of statements on the videos that are critical of / speak negatively about ICE, I recommend that any such objections be resolved by giving a limiting instruction to the jury that it shall consider statements on the video only in regard to the specific charges against the defendants and for no other purpose.

7. For the reasons stated herein, I respectfully request that the Court conduct a pretrial hearing under Fed. R. Evid. 104(a) for the purpose of establishing foundation for the admission of all videos both parties seek to introduce at trial.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 19, 2026, at Valencia, California.

_____/S/_____
GREGORY NICOLAYSEN