**FILED**
CLERK, U.S. DISTRICT COURT

2/26/2026

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ DTA _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 25-cr-00780-SVW |
| Plaintiff, | **CLOSING JURY INSTRUCTIONS** |
| v. | |
| CYNTHIA RAYGOZA,<br> aka "Cynthia Curiel Curiel,"<br>ASHLEIGH BROWN,<br> aka "ice_out_ofla,"<br> aka "corn_maiden_design," and<br>SANDRA CARMONA SAMAME,<br> aka "Sandra Karmona,"<br> aka "Sandra Carolina Carmona Samame,"<br> aka "Sandra Carmona Samane,", | |
| Defendants. | |

The following are the Court's jury instructions to guide your consideration of the evidence in this case.

Dated: February 26, 2026

_____

HONORABLE STEPHEN V. WILSON
UNITED STATES DISTRICT COURT JUDGE

1

## CLOSING JURY INSTRUCTION NO. 1

### DUTIES OF THE JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions, or into anything I may have said or done, any suggestion as to what verdict you should return -- that is a matter entirely up to you.

## <u>CLOSING JURY INSTRUCTION NO. 2</u>

### CHARGE AGAINST DEFENDANTS NOT EVIDENCE – PRESUMPTION OF INNOCENCE – BURDEN OF PROOF

The indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence. The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

## <u>CLOSING JURY INSTRUCTION NO. 3</u>

### DEFENDANT'S DECISION NOT TO TESTIFY

A defendant in a criminal case has a constitutional right not to testify. You may not draw any inference of any kind from the fact that the defendant did not testify.

## CLOSING JURY INSTRUCTION NO. 4

### REASONABLE DOUBT – DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

## CLOSING JURY INSTRUCTION NO. 5

### WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits received in evidence; and

(3) any facts to which the parties have agreed.

6

## CLOSING JURY INSTRUCTION NO. 6
### WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## CLOSING JURY INSTRUCTION NO. 7

### DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

# CLOSING JURY INSTRUCTION NO. 8

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully

9

about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## CLOSING JURY INSTRUCTION NO. 9

### SEPARATE CONSIDERATION OF MULTIPLE COUNTS – MULTIPLE DEFENDANTS

A separate crime is charged against one or more of the defendants in each count. The charges have been joined for trial. You must decide the case of each defendant on each crime charged against that defendant separately. Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

All the instructions apply to each defendant and to each count.

11

**<u>CLOSING JURY INSTRUCTION NO. 10</u>**

**CONSPIRACY – ELEMENTS**

The defendants are charged in Count One of the indictment with conspiracy to make publicly available the restricted personal information of R.H., in violation of Section 119(a) of Title 18 of the United States Code. For the defendants to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on a date unknown and continuing until on or about August 28, 2025, there was an agreement between two or more persons to publicly disclose the personal information of a covered person; and

Second, defendants became members of the conspiracy knowing of its purpose and intending to help accomplish that purpose; and

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy. A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit the crime alleged in the indictment as an object or purpose of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by knowingly participating in the unlawful plan with the intent to advance or further some object or purpose of the

conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who knowingly joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that the defendant personally did one of the overt acts.

13

**CLOSING JURY INSTRUCTION NO. 11**

**PUBLIC DISCLOSURE OF PERSONAL INFORMATION OF A**

**COVERED PERSON - ELEMENTS**

To make publicly available the restricted personal information of R.H., in violation of Section 119(a) of Title 18 of the United States Code, all of the following must be true:

First, the person knowingly made publicly available the restricted personal information of a covered person, or a member of the immediate family of that covered person;

Second, the act of making the restricted personal information publicly available was a threat; and

Third, the person did so with the intent to threaten or intimidate that covered person, or a member of the immediate family of that covered person; or with the intent and knowledge that the personal information would be used to threaten or intimidate that covered person, or a member of the immediate family of that covered person.

"Restricted personal information" means the Social Security number, the home address, home phone number, mobile phone number, personal email, or home fax number of, and identifiable to, that individual.

"Covered person" means any officer or employee of the United States or of any agency in any branch of the United States Government (including any member of the uniformed services) while such officer or employee is engaged in or on account of the performance of official duties. "On account of" means because of.

"Threat" in this context means a serious expression of intent to inflict bodily harm on a particular person or group of persons that a reasonable observer would perceive to be an authentic threat.

To "threaten" or "intimidate" in this context means directing a threat to a person or group of persons with the intent of placing the victim in fear of bodily harm or

14

death.

To convict defendants on Count One of the indictment, the government need not prove that defendants actually violated Section 119(a) of Title 18 of the United States Code. It is sufficient for the government to prove beyond a reasonable doubt that defendants conspired to do so.

**<u>CLOSING JURY INSTRUCTION NO. 12</u>**

**STALKING – ELEMENTS**

The defendants are charged in Count Two of the indictment with stalking, in violation of Title 18, United State Code, Section 2261A(2)(B). For each defendant to be found guilty of that charge, the government must prove the following elements beyond a reasonable doubt:

First, that the defendant possessed the intent to harass or intimidate R.H., or place him under surveillance with the intent to harass or intimidate him;

Second, that the defendant pursued that intention through a course of conduct that made use of an interactive computer service, an electronic communication system of interstate commerce, interstate wires, the internet, or any other facility of interstate or foreign commerce; and

Third, that the defendant's course of conduct caused, attempted to cause, or would be reasonably expected to cause substantial emotional distress to R.H., R.H.'s spouse, or a member of R.H.'s immediate family.

"Harass" means to repeatedly or persistently use words, conduct, or action that, being directed at a specific person, annoys, alarms, or causes substantial emotional distress in that person and serves no legitimate purpose.

"Intimidate" in this context means to make timid or fill with fear.

"Substantial emotional distress" means mental distress, mental suffering, or mental anguish, and includes depression, dejection, shame, humiliation, mortification, shock, indignity, embarrassment, grief, anxiety, worry, fright, disappointment, nausea, and nervousness, as well as physical pain. When considering whether the intended course of conduct "would be reasonably expected to cause" substantial emotional distress, you must consider whether, in light of the evidence presented in this case, a reasonable person in the same or similar circumstances as the victim would suffer

16

substantial emotional distress as a result of the intended course of conduct, as defined in these instructions.

A "course of conduct" is a pattern of conduct composed of two or more acts, evidencing a continuity of purpose. You may consider each communication between the defendant and R.H. or his family members as a separate act. You are not required to agree unanimously on which two or more acts constitute the course of conduct. Not all acts that constitute part of a course of conduct must involve the use of an interactive computer service, an electronic communication system of interstate commerce, interstate wires, the internet, or any other facility of interstate or foreign commerce.

A mobile phone and the internet are each facilities of interstate commerce.

17

## CLOSING JURY INSTRUCTION NO. 13
### AIDING AND ABETTING

A defendant may be found guilty of stalking, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To "aid and abet" means intentionally to help someone else commit a crime. To prove a defendant guilty of stalking by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, someone else committed stalking;

Second, the defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of stalking;

Third, the defendant acted with the intent to facilitate stalking; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendants merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that each defendant acted with the knowledge and intention of helping that person commit stalking.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

## CLOSING JURY INSTRUCTION NO. 14
### DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your

19

opinion if you become persuaded that it is wrong.

## CLOSING JURY INSTRUCTION NO. 15

### CONSIDERATION OF EVIDENCE -- CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media. This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

## CLOSING JURY INSTRUCTION NO. 16

### USE OF NOTES

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

## CLOSING JURY INSTRUCTION NO. 17

## JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

## CLOSING JURY INSTRUCTION NO. 18

### VERDICT FORM

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

## <u>CLOSING JURY INSTRUCTION NO. 19</u>

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.